HERMAN HELM, Jr.                                                      PLAINTIFF

v.                                          CIVIL ACTION NO. 3:18-CV-P90-RGJ

JAILER DANNY ALLEN et al.                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Herman Helm, Jr., filed a *pro se*, *in forma pauperis* complaint. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some claims will be dismissed, and others will be allowed to proceed.

## SUMMARY OF CLAIMS

At the pertinent time, Plaintiff was housed at the Hardin County Detention Center (HCDC) as a pretrial detainee. He names as Defendants in their official capacities Hardin County Jailer Danny Allen, Hardin County Jail Sergeant Major Tony Spearman, and the HCDC. Plaintiff states that he is Catholic. He alleges that on December 20, 2017, he submitted a request to be allowed to receive religious mail from the Dynamic Catholic Institute and was denied. He also states that the only religious services at HCDC are "services by the Gideons who are Baptist." He alleges that he knows that HCDC allows mail from "Severns Vally Baptist Chirch [sic]."

Plaintiff next alleges that on January 4, 2018, he was told that he could put in a request and would receive a Catholic Bible. He alleges that he filled out the request but apparently was told that he was "not Catholic." He appears to allege that, even if he neglected to inform them that he is Catholic "this time[,] all my past here at the Hardin County Jail I have put Catholic on my booking." He states that on January 29, 2018, "the deputy came back with a Catholic Bible"

and asked for the "NKJV back that they gave me." Plaintiff states that he explained that he had given it to a Baptist inmate who did not have one. Plaintiff alleges, "I was told that I had to take it back from him to get one for me. I still do not have a [B]ible or am not allowed any mail from a Catholic chirch [sic]." He alleges violations of the Equal Protection Clause and his right to practice his religion without hindrance.

Plaintiff attaches copies of three inmate request forms in his complaint. In one, he asks for a Bible and states that he is Catholic. The response was that Plaintiff could choose between the English Standard version or the Gideon version of the Bible. One contained his request to receive mail from the Dynamic Catholic Institute, which was denied and which stated, "Religion: none listed." The third form again asked for a Catholic Bible. The response was: "Not Catholic. None. I gave you a English Standard Bible on 11-9-17."

After filing his complaint, Plaintiff filed a letter (DN 10) which contains additional allegations. The Court finds that DN 10 is really an amendment to the complaint. *See* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it."). Here, service has not yet occurred. The Court will direct the Clerk of Court to redocket DN 10 as an amended complaint.

In his amended complaint (DN 10), Plaintiff alleges that, although his request to have a Catholic church send him resources and paperback books was declined, another inmate's request for scientology material was approved, and another inmate "had his Paster drop off a Daly Bread Bible with no questions asked." Plaintiff also states that "People here get Bible studies from the E-town Chirch of Crist [sic]. I am told 'no' to being able to have Bible studies sent in." He further alleges that in the almost six months he had been at HCDC he had "not one time ever seen a Catholic Chirch [sic] come to do a service." There are several attachments to his amended complaint.

As relief, Plaintiff asks for monetary and punitive damages and injunctive relief.

## ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff names Defendants Allen and Spearman in their official capacities. Naming employees of Hardin County in their official capacities is the same as suing the county itself. If an action is brought against an official of a governmental entity in his or her official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Hardin County employees in their official capacities are actually brought against the Hardin County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Plaintiff also sues HCDC. HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Hardin County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Hardin County is a "person" for purposes of § 1983. *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Court will therefore construe Plaintiff's claims as brought against Hardin County.

When a § 1983 claim is made against a municipality, like Hardin County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the

municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

The Court finds that Plaintiff has alleged that a Hardin County policy or custom was the moving force of the alleged violations of the Equal Protection Clause and the First Amendment's right to free exercise related to being Catholic. The Court will allow the claims for monetary damages to go forward against Hardin County under § 1983.

However, Plaintiff's claims for injunctive relief will be dismissed. Since filing this suit, Plaintiff has been transferred to another facility. Therefore, Plaintiff's request for injunctive relief is moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ([T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."); *see also Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir.

2013) ("A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility.").

Plaintiff's claim for punitive damages must also be dismissed. The Supreme Court has held that punitive damages generally cannot be recovered against a municipality like Hardin County under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260-61 (1981). Thus, "it follows that punitive damages are not available against governmental officials sued in their official capacities." *Powell v. Alexander*, 391 F.3d 1, 23 (1st Cir. 2004); *see also Brown v. Harmon*, No. 5:15CV-P128-TBR, 2015 WL 6453848, at *2 (W.D. Ky. Oct. 23, 2015) ("Plaintiff cannot recover punitive damages from Defendant in his official capacity.").

## CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the letter (DN 10) is construed as an amended complaint and the Clerk of Court is **DIRECTED** to redocket DN 10 as an amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Allen, Spearman, and HCDC are **DISMISSED** pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted without prejudice to the claims proceeding against Hardin County.

The Clerk of Court is **DIRECTED** to **terminate** those Defendants and **add** Hardin County as the sole Defendant.

**IT IS FURTHER ORDERED** that Plaintiff's claims for injunctive relief and punitive damages are **DISMISSED** pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the continuing claims. In allowing those claims to go forward past initial screening, the Court expresses no opinion on their ultimate merit.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Hardin County Attorney
A961.009